LAND, J.
The accused, Louis Willie, Edgar Willie, and I-Iezzie Willie, were indicted for the' murder of one Olan Pierre, were found guilty of manslaughter, and were severally sentenced to imprisonment at hard labor in the state penitentiary.
The accused have appealed, and rely for reversal on a number of bills of exception.
The conclusion that we have reached on one of these bills renders it unnecessary to consider a number of others.
[1] The bills reserved to the competency of jurors for their lack of knowledge of the law relative to self-defense, burden of proof, etc., are without merit. Jurors are not supposed to know the law, and are not incompetent because their crude opinions may not be in accord with the views of jurists and text-writers. State v. Perioux, 107 La. 601, 31 South. 1016.
The bill reserved to the action of the court in excusing a sworn juror, because of the sudden illness of his wife, raises a doubtful question, which it is unnecessary to determine in this case. See State v. Nash and Barnett, 46 La. Ann. 194, 14 South. 607.
The charge of the court to the jury discloses no prejudicial errors.
[2] Bill No. 8 was reserved to the action of the judge in excusing a certain juror, who had been accepted and sworn, on his voluntary statement that he had not been in the parish for two years, still lacking 45 days since he had moved into the state. The judge ruled that the juror was incompetent, ■because he had not resided in the state for two years. Act No. 135 of 1898 requires •■a juror—■
'“to be’ a citizen of the United States and of ’this state, a bona fide male resident of the ¡parish in and for which the court is holden ior one year next preceding such service.”
'.This act was passed to carry into effect articles 116 and 117 of the Constitution of 1898, providing as follows:
“The General Assembly shall provide for the selection of competent and intelligent jurors. * * * The General Assembly shall provide for the drawing of juries for the trial of civil and criminal cases.”
As the Constitution vested in the Legislature the power to prescribe the qualification of jurors, and that body has enacted a law which requires only one year’s residence in the parish as one of the qualifications of a juror, the only question that remains is whether the additional qualification of citizenship necessitates a residence of two years in this state. We have been cited to no law that requires a residence of two years in this state before a person can acquire the status of a citizen. When a male person has acquired the status of a citizen, he must reside in this state for two years before he can acquire the status of an elector, with the right to vote and hold office. Const. art. 197. Citizenship may be acquired by residence, with the intention of remaining.
“In the absence of proof to the contrary, every man is considered a citizen of the country in which he may reside.” 7 Cyc. 147.
[3] It follows that the juror in question became a citizen of this state when he became a resident thereof; and, as he had resided more than one year in the parish, he was a competent juror. A sworn juror can be discharged from the panel in a case of evident moral or physical necessity. State v. Nash and Barnett, 46 La. Ann. 194, 14 South. 607. This rule necessarily implies that a competent juror, duly accepted and sworn, cannot be discharged without legal cause. If the reasons for the exclusion of such a juror be insufficient, the judgment will be reversed. Black v. State, 9 Tex. App. 328; Thompson & Merriam on Juries, § 273.
It is therefore ordered that the verdict and sentence be reversed, and that this case be remanded for a new trial according to law.