Plaintiff has filed this suit in which he is seeking the recovery of damages in the sum of $250 as a result of an injury to his cow which occurred on February 23, 1947, at or about 1:30 p.m., on the Madisonville-Ponchatoula paved highway. Plaintiff alleges that on this date, the three minor sons of the defendants, namely: Earl Hutchinson, John Frere and Marshall Badeaux "were engaged in the unlawful and reprehensible practice of driving a milch cow, the property of your petitioner, from outside the corporation limits of the Town of Madisonville, Louisiana," that the said minors had driven the cow across the corporation line and into the town of Madisonville by shouting and poking the cow with sticks, and that "while in the act of so molesting the said cow while the said cow was in the said ditch and/or on the south shoulder of the said road, they continued with gross negligence and want of care and without any respect whatsoever of the property rights of your petitioner to frighten said cow in such a manner as to cause her to suddenly jump from the shoulder of the said road suddenly onto the concrete roadway into the path of the oncoming automobile of Mrs. Evelyn Mayo, residing at 1846 North Orleans Street, Chicago, Illinois;" that the automobile struck the cow in the hind quarters and dislocated the hip of the cow, which rendered the cow useless to plaintiff. Plaintiff alleged upon information and belief that there was upon the statute books of the Town of Madisonville a law providing for the impounding of cattle at large within the corporation limits of the said Town, and that the minor children were driving the cow toward the pound for the purpose of obtaining the impounding fee.
Plaintiff further alleged that the three defendants are residents of and domiciled in the City of Madisonville, Parish of St. Tammany.
The defendants filed an exception of vagueness leveled at the failure of plaintiff to annex to his petition a certified copy of the impounding law of the Town of Madisonville to which plaintiff had referred in Article 5 of his petition; also that no specific acts of negligence by the respective minor children of the defendants were alleged in plaintiff's petition, and that the nature of damages sustained by plaintiff was not shown and no itemization of damages is given. Defendants also filed an exception of no cause or right of action. The minutes of the District Court of June 20th, 1947 show that all of the above exceptions were overruled.
Defendants filed answer and deny that their minor sons are guilty of any negligence and allege that they found the cow within the corporate limits of the Town of Madisonville and were, at the time of the accident, driving the cow by the most direct route to the pound. Defendants charge Mrs. Evelyn Mayo, the driver of the automobile which struck the cow, with operating same in "a heedless and reckless manner and at an unlawful rate of speed, without having her automobile under proper control, and without keeping a proper lookout, so that she was guilty of gross negligence, which was a proximate cause of the accident."
The case was duly tried and the judge of the Lower Court dismissed the plaintiff's suit.
Plaintiff has appealed from this adverse judgment and the defendants have answered the appeal in which they reurge the exception of no cause and no right of action and, in the alternative, ask that the judgment of the District Court be affirmed.
Defendants have also filed a motion to dismiss the appeal on the ground "that this controversy only involves the sum of $98 and hence is below the jurisdictional amount necessary for an appeal to this court." Plaintiff made the following statement as to his damages in brief to the District Court.
"Robert H. Sturm, Jr., the plaintiff herein (Tr. p. 19, Line 4) was the owner of a cow. (Tr. p. 19) The cow was worth One Hundred fifty and no/100 ($150.00) Dollars, (tr. p. 19, line 26), and, in addition, the plaintiff fed the cow after the collision one sack of feed per week from February until *Page 47 
September (Tr. p. 19, line 33), a period of thirty (30) weeks or a total cost of an additional One Hundred twenty and no/100 ($120.00)."
"The plaintiff sold the cow to a butcher for the sum of Fifty-two and no/100 ($52.00) Dollars (Tr. p. 20, Line 11), leaving a net loss to the plaintiff of the sum of Two Hundred and eighteen and no/100 ($218.00)"
Defendants take the position in this motion that as the item of expense for feeding the cow is one that cannot possibly be allowed by this Court, then the Court can only consider the value of the cow of $150 and deduct the $52 which plaintiff received for the sale of the cow, which, under defendants' reasoning, would leave only $98 in controversy.
It is well settled that the Courts will decline jurisdiction where a claim for damages is manifestly fictitious and made merely to create jurisdiction, and, further, that allegations in the petition as to amount will not control where the nature of the case and the failure to adduce evidence to fix the quantum indicates that he could not reasonably have expected to recover more than nominal damages. See Wagner v. New Orleans Railway and Light Company, 151 La. 400, 91 So. 817; J. Earl Rogers v. National Calendar Advertising Novelty Co.,129 La. 504, 56 So. 421; Wolf v. Stewart, 48 La. Ann. 1431, 20 So. 908; Tieman v. Johnston, 114 La. 112, 38 So. 75; Lea v. Orleans, 46 La. Ann. 1444, 16 So. 456; Trenchard v. Central Laundry Company et al., 154 La. 1003, 98 So. 558; Buck v. Latimer, 151 La. 883, 92 So. 372; Buttner v. Palmisano, 152 La. 587, 93 So. 880; Ducharme et ux. v. Smith, 9 La. App. 264, 119 So. 268; Addison v. Kirby Lumber Company, La. App., 3 So.2d 199. We do not think this is such a case, and the motion to dismiss the appeal is therefore overruled.
While defendants have reurged their exception of no cause or right of action, neither in oral argument nor brief did they seriously argue same. Suffice it to say that from a reading of the petition and the prayer, it does set forth a cause of action, and the exception of no cause or right of action will therefore be overruled.
While plaintiff contends that by inference it has been proven that the minor sons of the defendants began driving the cow from outside the corporation limits of the Town of Madisonville, there is no positive evidence to prove this fact; on the contrary, all of the witnesses that testified on this point stated that when they observed the boys driving the cow it was about one-fourth of a mile inside of the corporate limits of the Town of Madisonville.
The ordinance of the Town of Madisonville, which has been filed in evidence, provides, in Section 2 thereof: "Be It Further Enacted etc: That any cattle, horses or mules found running at large within the above limits after said date, and not being in immediate charge of someone having control over them, shall be taken up and impounded by the Town marshall or by some one authorized by the Mayor for that purpose, in the pound or place provided for such purpose, or may be impoundedby any citizen, who, in such case, may claim the impounding fee." (Emphasis ours.)
Counsel for plaintiff contends that these boys were not citizens within the contemplation of this ordinance and that, therefore, they were engaged in an illegal act at the time of the said accident. Counsel for plaintiff also takes the position that the burden of proof is upon the defendants to show that they were citizens. The burden of proof is upon the plaintiff to show that these boys were engaged in an unlawful act, and, if their act was unlawful due to the fact that they were not citizens, then the burden was upon the plaintiff to prove this fact. This contention of the plaintiff is fully answered in the case of State v. Willie et al., 130 La. 454, 58 So. 147, wherein the Supreme Court said:
"As the Constitution vested in the Legislature the power to prescribe the qualification of jurors, and that body has enacted a law which requires only one year's residence in the parish as one of the qualifications of a juror, the only question that remains is whether the additional qualification of citizenship necessitates a residence of two years in this state. We have been cited to no law that requires a residence of two years in this state before a person can *Page 48 
acquire the status of a citizen. When a male person has acquired the status of a citizen, he must reside in this state for two years before he can acquire the status of an elector, with the right to vote and hold office. Const. art. 197. Citizenship may be acquired by residence, with the intention of remaining.
" 'In the absence of proof to the contrary, every man is considered a citizen of the country in which he may reside.' 7 Cyc. 147.
"It follows that the juror in question became a citizen of this state when he became a resident thereof; and, as he had resided more than one year in the parish, he was a competent juror."
As plaintiff has alleged that the defendants are residents of and domiciled in the City of Madisonville and that their minor sons resided with them, under the decision of the Supreme Court in the above case, they were citizens and therefore had a legal right to impound this cow. Counsel for plaintiff, however, argues the case of State v. Willie, supra, presupposes "one year's residence", and that there is no evidence in the record that any of these defendants had resided in the Town of Madisonville for a period of one year. This case holds that one year's residence was necessary before a person could be a competent juror but that a person becomes a citizen of this state when he becomes a resident of this state. It also holds that there is a presumption in the absence of proof to the contrary that every man is considered a citizen of the country in which he may reside. Therefore, these boys were engaged in a legal act in driving this cow within the corporate limits of the Town of Madisonville for the purpose of having her impounded and collecting a fee.
The next question to be decided is whether these boys were guilty of any negligence which was a proximate cause of the accident.
Charles R. Mire was called as a witness by the plaintiff and testified that he was up in a pecan tree cleaning the moss off, about three hundred yards from the highway, when he heard and saw the three boys driving the cow; that he started down the tree to stop them from driving her, but before he could get there, the cow had already been hit by the automobile; that he thought he heard brakes scream on the automobile but that he did not notice any skid marks on the pavement.
Plaintiff also called the witness Karl J. Peters, who testified that on the date of the accident at about 1:30 p.m., he was coming down the Ponchatoula Road going to Madisonville, and that when about one-fourth of a mile inside the corporate limits, he saw the three boys driving this cow, and that he turned to go to the plaintiff's house in order to notify the plaintiff; that the boys had sticks in their hands trying to drive the cow and were also pushing and beating on the cow. It appears that the plaintiff lives off of the highway and that this witness had notified the plaintiff and had come back as far as the highway at the time the car struck the cow. This witness testified that Mrs. Mayo was driving the automobile about forty or fifty miles per hour at the time it passed him, which was "several blocks" from where the cow was. He further testified that these boys, at the time of the accident, were trying to keep the cow from going across the highway, but the cow kept turning and zig-zagging in an effort to go back to plaintiff's home; that at the time the Mayo automobile passed him he said to himself, "She's going to hit that cow," and that as the car got close to the cow, the cow made a lunge into the center of the road, and that although Mrs. Mayo had slowed her car down and pulled it to the left side of the highway, she didn't or couldn't stop in time to avoid striking the cow in the hind quarters. We are, therefore, of the opinion that the defendants' minor sons were not guilty of any negligence which was the, or a, proximate cause of the accident. We find no negligence on behalf of the boys who were driving this cow and agree with the Trial Court that the proximate cause of this accident was the negligence of Mrs. Mayo, the driver of the automobile, in not keeping her car under proper control and in not keeping a proper lookout. The testimony shows that the road was straight and that these three boys were having considerable difficulty in driving this cow, and she must have seen, or should have seen, the cow zig-zagging back and forth *Page 49 
on the highway several hundred yards away as the road was straight. She had every reason to anticipate or expect this cow to do exactly what she did do, and she should have been able to bring her car to a complete stop. She was fully warned that this emergency might arise, and she had ample time to prepare to meet it and avoid a collision. She failed to do this and the accident was the result.
It is, therefore, ordered that the judgment of the District Court be affirmed, and, accordingly, that plaintiff's suit be dismissed at plaintiff's cost.