337 So.2d 190 (1976)
STATE of Louisiana
v.
Steven M. ROUNSAVALL.
No. 57628.
Supreme Court of Louisiana.
September 13, 1976.
Thomas J. Ford, Jr., Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
By bill of information the District Attorney for the Parish of Orleans charged Steven Rounsavall with robbing Robert Cachere *191 of property worth $190, while armed with a pistol. Rounsavall was tried, found guilty as charged, and sentenced to serve seventy-five years at hard labor. One issue is presented on this appeal.
After voir dire examination of prospective jurors, twelve jurors and one alternate were selected and sworn. The jury was empaneled. At that time, and before opening statements by counsel, Edward J. Johnson, who had been selected and sworn as a juror, made known to the trial judge in open court that, although he did not disclose that fact when asked if he was connected with either a military or civilian law enforcement agency, he did, in fact, know a member of the district attorney's office and, also, at one time he was a member of the Orleans Parish Levee Board Police Department. He was then interrogated by the trial judge to ascertain whether these relationships would affect his deliberations. Johnson answered they would not.
Upon this disclosure defense counsel moved for a mistrial upon the authority of Article 775(6) of the Code of Criminal Procedure which permits a trial judge to order a mistrial and dismiss the jury when false statements of a juror on voir dire prevent a fair trial.
The trial judge refused to order a mistrial, ruling instead that the juror Johnson be excused and that the alternate juror, Martha S. Ramie, serve in his stead. Defense counsel objected to the ruling, and the case proceeded to trial, resulting in the conviction of defendant.
A serious question may be presented whether the juror Johnson's failure to make proper disclosure on voir dire would "prevent a fair trial", inasmuch as his employment as a Levee Board policeman was in the past, and the attorney he knew on the district attorney's staff was not involved in the case; however, we cannot agree that the trial judge was, by this disclosure of juror Johnson's past relations, authorized to excuse him from jury service and substitute the alternate juror in his stead.
Alternate jurors are drawn and serve to replace jurors who become unable to perform or who are disqualified from performing their duties prior to the time the jury retires to consider its verdict. La.Code Crim.Pro. art. 789. And, while the court may disqualify a prospective juror from service in a particular case when for any reason doubt exists as to the competency of the prospective juror to serve in the case, ibid. arts. 783, 787, once the trial has begun by the swearing of the first juror selected, ibid. art. 761, and the jurors are accepted and sworn, they may not be removed unless they are "incompetent to serve", ibid. art. 796.
Once a jury has been selected and sworn the accused has a right to have his fate decided by the particular jurors selected to try him. The phrase "incompetent to serve" embodied in Article 796 refers to death, illness or any other cause which renders a juror unfit or disqualified to perform his duty as prescribed. The right of the accused to have a juror selected by him try the case is a substantial one, the improper deprivation of which is prejudicial. The doctrine of harmless error is, therefore, inapplicable. State v. White, 244 La. 585, 153 So.2d 401 (1963); State v. Willie, 130 La. 454, 58 So. 147 (1912).
This Court has previously declared that under Article 789 the jurors once selected are expected to serve, save in cases of death, illness or other cause which renders the juror unfit or disqualified to perform his duty. See La.Code Crim.Pro. art. 401. After a juror has been accepted for service, discovery of the fact that he has furnished erroneous information, lied or has a fixed opinion which would not yield to the evidence would perhaps be a basis for a prosecution for perjury or grounds for a mistrial, but these disclosures do not permit the judge to excuse a juror already sworn and designate the alternate to serve in his stead. State v. Square, 257 La. 743, 244 So.2d 200, 237 (1971).
For the reasons assigned, the conviction and sentence are reversed and set aside, and a new trial is granted.