351 So.2d 95 (1977)
STATE of Louisiana
v.
Leonard BUGGAGE.
No. 59388.
Supreme Court of Louisiana.
October 10, 1977.
Robert Zibilich, Orleans Indigent Defender Program, New Orleans, for defendantappellant.
*96 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Brian G. Meissner, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The Grand Jury of Orleans Parish indicted the defendant with aggravated rape, a violation of LSA-R.S. 14:42. The jury found the defendant guilty as charged, and he was sentenced to death by electrocution. On appeal, defendant relies upon eight assignments of error for reversal of his conviction and sentence. Finding merit in defendant's Assignment of Error No. 1, it is unnecessary to discuss defendant's remaining assignments of error.
After the selection and swearing in of the petit jury and an alternate juror, one of the regular jurors informed the judge and later both the assistant district attorney and defense counsel in the presence of the judge "that she misunderstood the [voir dire] questions about capital punishment and she is opposed to capital punishment and under no circumstances could she return a verdict of guilty as charged carrying the death penalty." [Tr. p. 2.]
The trial judge excused this juror for cause and called an additional venireman for examination to replace the excused juror. Defendant objected to the voir dire of an additional juror and moved for a mistrial, presumably relying upon Article 775(6) of the Louisiana Code of Criminal Procedure which allows a judge to order a mistrial and dismiss the jury when false statements of a juror on voir dire prevent a fair trial. The judge denied the requested mistrial; decided not to reopen voir dire; excused the venireman called; and named the alternate juror, who had already been sworn, as the twelfth juror. He named the alternate in spite of his acknowledgement that neither counsel wished this action: "It's my understanding that both counsel desire for the present for the alternate to remain in that status as of this time." [Tr. p. 2.] At this point, defense counsel noted his objection to the denial of the mistrial.
Recently, in State v. Rounsavall, La., 337 So.2d 190 (1976), we held the identical procedure used here replacing a regular juror under these circumstances with an alternate to be reversible error. That decision is dispositive of the present case. There, we stated:
"The trial judge refused to order a mistrial, ruling instead that the juror Johnson be excused and that the alternate juror, Martha S. Ramie, serve in his stead. Defense counsel objected to the ruling, and the case proceeded to trial, resulting in the conviction of defendant. " * * *
"Alternate jurors are drawn and serve to replace jurors who become unable to perform or who are disqualified from performing their duties prior to the time the jury retires to consider its verdict. La. Code Crim.Pro. art. 789. And, while the court may disqualify a prospective juror from service in a particular case when for any reason doubt exists as to the competency of the prospective juror to serve in the case, ibid. arts. 783, 787, once the trial has begun by the swearing of the first juror selected, ibid. art. 761, and the jurors are accepted and sworn, they may not be removed unless they are `incompetent to serve', ibid. art. 796.
"Once a jury has been selected and sworn the accused has a right to have his fate decided by the particular jurors selected to try him. The phrase `incompetent to serve' embodied in Article 796 refers to death, illness or any other cause which renders a juror unfit or disqualified to perform his duty as prescribed. The right of the accused to have a juror selected by him try the case is a substantial one, the improper deprivation of which is prejudicial. The doctrine of harmless error is, therefore, inapplicable. State v. White, 244 La. 585, 153 So.2d 401 (1963); State v. Willie, 130 La. 454, 58 So. 147 (1912).
"This Court has previously declared that under Article 789 the jurors once selected are expected to serve, save in cases of death, illness or other cause which renders the juror unfit or disqualified *97 to perform his duty. See La.Code Crim.Pro. art. 401. After a juror has been accepted for service, discovery of the fact that he has furnished erroneous information, lied or has a fixed opinion which would not yield to the evidence would perhaps be a basis for a prosecution for perjury or grounds for a mistrial, but these disclosures do not permit the judge to excuse a juror already sworn and designate the alternate to serve in his stead. State v. Square, 257 La. 743, 244 So.2d 200, 237 (1971)." [Emphasis ours.]
For the reasons assigned, the conviction and sentence are reversed and set aside, and the case is remanded for a new trial consistent with law and the views herein expressed.