410 So.2d 1116 (1982)
STATE of Louisiana
v.
Stewart MARSHALL.
No. 81-K-2856.
Supreme Court of Louisiana.
March 1, 1982.
*1117 Samuel Thomas, Tallulah, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James D. Caldwell, Dist. Atty., for plaintiff-respondent.
MARCUS, Justice.
Stewart Marshall was charged in the same information in separate counts with malfeasance in office in violation of La.R.S. 14:134 and with making a false allegation concerning the commission of a crime in violation of La.R.S. 14:126.1. After trial by a jury composed of six persons,[1] defendant was found guilty as charged on both counts. Prior to sentencing, we granted defendant's application for certiorari to consider a contention that the trial judge erred in excusing a juror for cause after having been accepted and sworn and replacing the excused juror with an alternate juror on the panel. La., 409 So.2d 631. Defendant argues that the action of the trial judge was contrary to certain decisions of this court.
After voir dire examination of prospective jurors, six jurors and one alternate were selected and sworn. The court then took a short recess. While the jury was still in recess, the state made a motion to challenge one of the jurors, Ms. Idell Rice, for cause on the ground that the juror was not impartial. It was argued that the ground for the challenge was not known to the state prior to acceptance. An evidentiary hearing was conducted outside the presence of the jury. Testimony of witnesses was to the effect that during the recess Ms. Rice was seen talking to the defendant in the hallway. She was also heard to say that "she was the only black on the jury and that she was going to hold everything up." At the conclusion of the hearing, the trial judge sustained the state's challenge for cause of Ms. Rice and replaced her on the jury with the alternate juror, Mrs. Elizabeth Cunningham. Defendant's objection was overruled and his motion for a mistrial was denied. At this point, the trial proceeded with the reading of the information and defendant's plea on arraignment to the jury.
The narrow issue presented for our consideration is whether a juror who has been accepted and sworn can be challenged for cause before the indictment is read to the jury on a ground not known by the challenging party prior to acceptance and, if so, whether the excused juror can be replaced on the jury with an alternate juror. We think so.
La.Code Crim.P. art. 795 provides in pertinent part:
A juror cannot be challenged for cause by the state or the defendant after having been accepted by the challenging party, unless the ground for the challenge was not known by the challenging party prior to acceptance. A challenge for cause must be made before the indictment[[2]] is read to the jury.
La.Code Crim.P. art. 797 provides in pertinent part:
The state or the defendant may challenge a juror for cause on the ground that:
. . . .
(2) The juror is not impartial, whatever the cause of his partiality....
In the instant case, the challenge for cause of Ms. Rice was made by the state before the bill of information was read to the jury and the ground for the challenge of this juror was not known to the state prior to acceptance. Hence, it is clear under *1118 art. 795 that the state had a right to challenge Ms. Rice for cause. Moreover, we consider that the trial judge properly excused Ms. Rice for cause under art. 797(2) because the evidence was sufficient to conclude that the juror was "not impartial." Even if the challenge for cause was improperly granted, defendant would have no cause for complaint because the state exercised only four of its six peremptory challenges allowed under art. 799.[3] La.Code Crim.P. art. 800 provides that the erroneous allowance to the state of a challenge for cause does not afford the defendant a ground for complaint, unless the effect of such ruling is the exercise by the state of more peremptory challenges than it is entitled to by law.
Having concluded that the trial judge properly sustained the state's challenge of Ms. Rice for cause, we must next consider whether the trial judge correctly replaced the excused juror with the alternate juror.
La.Code Crim.P. art. 789 provides in pertinent part:
The court may direct that one or two jurors in addition to the regular panel be called and impaneled to sit as alternate jurors. Alternate jurors, in the order in which they are called, shall replace jurors who become unable to perform or disqualified from performing their duties prior to the time the jury retires to consider its verdict....
We consider that a finding that Ms. Rice was properly excused for cause on the ground that she was "not impartial" rendered her "unable to perform or disqualified from performing" her duties within the meaning of the above article. Hence, the trial judge properly replaced Ms. Rice with the alternate juror.
Defendant relies on this court's decision in State v. Rounsavall, 337 So.2d 190 (La. 1976), in which, under facts similar to those herein, we reversed the conviction and sentence on the ground that the trial judge erred in excusing the juror and allowing an alternate juror to serve in his stead. In State v. Buggage, 351 So.2d 95 (La.1977), under similar facts, we followed our previous holding in Rounsavall and reversed the conviction and sentence. Both Rounsavall and Buggage are contrary to our holding in the instant case. Accordingly, they are expressly overruled.

DECREE
For the reasons assigned, the writ previously granted is recalled and vacated and the case is remanded to the district court for further proceedings in accordance with law.
NOTES
[1] La.Code Crim.P. art. 782 provides that cases in which the punishment may be confinement at hard labor shall be tried by a jury composed of six jurors, all of whom must concur to render a verdict.
[2] La.Code Crim.P. art. 461 defines "indictment" to include affidavit and information, unless it is the clear intent to restrict that word to the finding of the grand jury.
[3] La.Code Crim.P. art. 799 provides:

In trials of offenses punishable by death or necessarily by imprisonment at hard labor, each defendant shall have twelve peremptory challenges, and the state twelve for each defendant. In all other cases, each defendant shall have six peremptory challenges, and the state six for each defendant. (Emphasis added.)