463 So.2d 620 (1984)
STATE of Louisiana
v.
Walter E. JOHNSON.
No. KA-84-0280.
Court of Appeal of Louisiana, First Circuit.
November 29, 1984.
Rehearing Denied December 28, 1984.
*623 Ossie Brown, Dist. Atty. by Ernest Smithling Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Johnnie L. Matthews, Baton Rouge, for defendant-appellant.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
EDWARDS, Judge.
Convicted of aggravated rape under LSA-R.S. 14:42 and sentenced to life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence, Walter E. Johnson appeals his conviction, alleging nine assignments of error.
The rape occurred in the early morning hours of October 28, 1982. The rapist entered through a living room window and from there crept into the bedroom where the fifteen year old victim lay sleeping. His face hidden beneath a ski mask, he placed one hand over her mouth and held a knife to her throat in the other while he raped her, slashing her neck and back during the attack. He threatened to kill her mother, asleep in another room, if she made any noise or told anyone about the attack. After he left, still frightened from the attack, she remained in her bed until she heard an alarm clock awaken her mother around 5:30 a.m. She called out to her and told her what happened. Her parents called the police and then took her to the hospital for examination and treatment.

ASSIGNMENT OF ERROR NUMBER 1
Defendant contends the trial court erred in denying his motion for a post-verdict judgment of acquittal.
Under LSA-C.Cr.P. art. 821, "a post-verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty." This standard is the same as that enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). See State v. Walker, 447 So.2d 54 (La.App. 1st Cir.1984). After reviewing the transcript of the trial, we cannot say that the evidence does not reasonably support the verdict or that no rational trier of fact could have found the defendant guilty beyond a reasonable doubt.
The victim's testimony from a prior trial, properly admitted into evidence in this trial, establishes that the victim was raped by a black man in a ski mask with a knife at her throat on October 28, 1982. Although she was unable to identify the defendant as the rapist, other reliable evidence establishes his identity.
Suspecting entry through a living room window, which had been broken some days before, the police found fingerprints, later identified as the defendant's, on the screen and a broken pane of glass. In the defendant's apartment, where he was arrested later that afternoon, they found a ski mask and a bloodied kitchen knife. Blood found in the victim's bed, on the knife, and on the defendant's bedroom curtain was the same type as the defendant's, Type O. Seminal washings from the victim established the rapist as a Type O secreter. Photographs taken of defendant's fingers the day of his arrest showed fresh cuts, which support the inference that the defendant either cut his fingers on the broken window pane when he entered the house or on the knife which he used to cut the victim.
A rational finder of fact viewing the evidence in the light most favorable to the prosecution could have found that the State proved defendant's identity as the rapist beyond a reasonable doubt. La.C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099 (La. App. 1st Cir.1983). This assignment therefore lacks merit.

ASSIGNMENT OF ERROR NUMBER 2
Defendant contends that the trial court erred in denying his motion for new trial because the evidence is insufficient to support his conviction and because the verdict is contrary to the law and evidence.
LSA-C.Cr.P. art. 851 states in pertinent part:
The motion for a new trial is based on the supposition that injustice has been *624 done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
The court, on motion of the defendant, shall grant a new trial whenever:
(1) The verdict is contrary to the law and the evidence;
* * * * * *
(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty;
According to our decision in State v. Korman, 439 So.2d 1099, 1101 (La.App. 1st Cir.1983), a trial court, acting as a thirteenth juror, may consider only the weight and not the sufficiency of the evidence in a motion for new trial, and his decision to grant or deny the motion is not subject to appellate review. LSA-Const., Art. 5, § 10; LSA-C.Cr.P. art. 858.
Moreover, a denial of a motion for new trial, urged on the ground that the verdict is contrary to the law and evidence, is reviewable only for abuse of discretion. Since we have already found the evidence sufficient to support the conviction, we find no abuse of discretion in the denial of the motion in this case.
Defendant contends further that a new trial should have been granted because of newly discovered material evidence. Defense counsel discovered after trial that semen tests on defendant's underclothes, seized after his arrest, had proven negative. Prior to trial, defendant had filed a Brady motion for exculpatory evidence, including a specific request for tangible objects within the state's possession which were favorable to defendant and material and relevant to the issue of guilt. He also sought objects which were obtained from or belong to the defendant.
LSA-C.Cr.P. art. 718 provides for the discovery by a defendant of tangible objects in the possession of the state which are material and relevant to the issue of guilt or which were obtained from or belong to the defendant. The trial court may determine whether evidence is material and favorable by an in camera inspection. In this case, however, the state did not present the evidence for such an inspection.
The right to be protected against the prosecution's failure to reveal its possession of exculpatory evidence is founded upon the due process clause and is designed to insure a fair trial. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). In United States v. Agurs, 427 U.S. 97, 106, 96 S.Ct. 2392, 2399, 49 L.Ed.2d 342 (1976), the United States Supreme Court stated in regard to a pre-trial request for specific evidence:
Although there is, of course, no duty to provide defense counsel with unlimited discovery of everything known by the prosecutor, if the subject matter of such a request is material, or indeed if a substantial basis for claiming materiality exists, it is reasonable to require the prosecutor to respond either by furnishing the information or by submitting the problem to the trial judge. When the prosecutor receives a specific and relevant request, the failure to make any response is seldom, if ever, excusable.
The trial judge denied the motion because, under article 851, he believed defendant's counsel could have discovered the evidence had he been more diligent in his pre-trial investigation and because there was no showing that the evidence would probably have changed the verdict.
While we disagree that defendant's counsel was not diligent and find inexcusable the prosecutor's failure to produce the evidence when requested to do so, we cannot say that the evidence would probably have changed the verdict. We therefore find no abuse of discretion in the denial of the motion. This assignment lacks merit.

ASSIGNMENT OF ERROR NUMBER 3
Defendant's counsel contends that the trial court erred in denying his motion for a *625 continuance because he had insufficient time to prepare defendant's case.
Counsel made four requests for a continuance. The first, by written motion filed August 22,1983, four days before trial was to begin, was granted, moving the trial date to September 21. The second, filed the day of the trial, was denied. Counsel sought writs from that ruling, which we denied. He filed a third on September 27, requesting a copy of the transcript of defendant's first trial, which had resulted in a mistrial because the jury had been unable to reach a verdict. The motion was granted and trial rescheduled for October 5. On the morning of trial, counsel made a fourth motion, orally to the court, on the ground he had received the last 180 pages only the day before and needed more time for review. That motion was denied.
Defendant's counsel does not specify which denial he is appealing, so we will presume he means the last. Under LSA-C. Cr.P. art. 707, a motion for continuance shall be in writing and filed at least seven days before trial. Since the motion was made orally, the trial judge did not abuse his discretion in denying it. See LSA-C. Cr.P. Art. 712.
In any event, a denial of a motion for continuance is not reversible absent a showing of prejudice, and when the motion is grounded on insufficient time to prepare a defense, the preparation time must have been so short as to undermine the basic fairness of the proceedings. See State v. Jones, 395 So.2d 751, 753 (La.1981).
We find no such prejudice in this case. Counsel had twenty four hours to review the last 180 pages of the transcript. This assignment lacks merit.

ASSIGNMENT OF ERROR NUMBER 4
Defendant contends that the trial court erred in allowing the state to use the transcript of the victim's testimony in an earlier mistrial. He contends that he was not notified of the state's intent to use the transcript.
According to State v. Robinson, 423 So.2d 1053, 1058 (La.1982), before testimony given at a prior hearing may be introduced in evidence at a subsequent trial, without offending the confrontation and cross-examination clauses of the federal and state constitutions, certain conditions must be met: (1) defendant must have been represented by counsel at the earlier hearing; (2) the witness must have testified under oath; (3) The witness must have been cross-examined or else validly waived the right to cross-examination; (4) at the time of the trial, the witness (whether out of state or not) must be unavailable or unable to testify; and (5) the state must have made a good faith diligent effort to obtain the presence of the witness, including use of its out-of-state subpoena powers where appropriate.
The record clearly indicates that all five conditions have been met. At the time of trial the witness, the victim in this case, was unavailable because she and her family had moved out of town. The state made a good faith diligent effort to obtain the victim's presence, but was unable to contact her. She was not present at the trial.
Henry Bonnecaze, an investigator with the district attorney's office, testified that prior to the trial he had been looking for the victim and her family. He stated that he made inquiries at the victim's school and with her parents' employers but was unable to find the family. He received information that they had moved to Starksville, Mississippi, but was not able to locate the family there.
After reviewing the record, we find that the state did make a good faith effort to secure the victim's presence. Thus, we find that the trial judge did not err in allowing the victim's prior testimony to be introduced.
Additionally, we find no prejudice to defendant in the state's failure to give formal notice that it intended to introduce the victim's prior testimony. The minutes of the second trial which began on September 21, 1983, indicate the trial court allowed *626 the state to introduce a transcript of the victim's prior testimony. At that time the trial judge also issued a bench warrant for the arrest of the victim and her parents. Thus, we find that defendant was well aware that the state was unable to locate the witness prior to trial. This assignment lacks merits.

ASSIGNMENT OF ERROR NUMBER 5
Defendant contends that the trial court erred when it refused to excuse two jurors who appeared to be sleeping during the reading of the transcript of the victim's prior testimony. The trial judge stated that he noticed two women jurors had their eyes closed during the reading of the victim's cross-examination. He noted, however, that he watched the jurors closely and did not believe that either of these jurors were asleep. Defense counsel objected to his ruling and assigned error. He did not request that the trial judge remove these jurors. In his brief, defendant now argues that, based upon the obvious prejudice to defendant's case, those jurors should have been excused.
Defendant cites State v. Marshall, 410 So.2d 1116 (La.1982), as authority for his argument that the trial court may remove jurors who become unable to perform or disqualified from performing their duties. In that case, the Louisiana Supreme Court granted certiorari to decide if the trial judge erred in excusing a juror for cause after that juror had been accepted and sworn. The court also had to determine whether it was proper to replace the excused juror with an alternate juror on the panel. An evidentiary hearing was conducted in the trial court after the jury was sworn and before the reading of the indictment to determine if the juror was not impartial.
The Supreme Court held that the evidence was sufficient to conclude that the excused juror was "not impartial," and that she was properly excused for cause. In addition, that court, in holding that the trial judge properly replaced the juror with an alternate, stated:
We consider that a finding that Mrs. Rice was properly excused for cause on the ground that she was "not impartial" rendered her "unable to perform or disqualified from performing" her duties within the meaning of the above article. Hence, the trial judge properly replaced Ms. Rice with the alternate juror.
State v. Marshall, 410 So.2d at 1118 (La. 1982).
That finding was based upon LSA-C.Cr.P. art. 789 which states in part:
The court may direct that one or two jurors in addition to the regular panel be called and impaneled to sit as alternate jurors. Alternate jurors, in the order in which they are called, shall replace jurors who become unable to perform or disqualified from performing their duties prior to the time the jury retires to consider its verdict.
In State v. Cass, 356 So.2d 396 (La.1977), however, the trial judge removed a juror during trial and replaced this juror with an alternate. During the first day of trial the judge noticed that one of the jurors appeared to be asleep. The judge observed that the juror had his eyes closed and that his head was nodding. After watching him for two to four minutes the trial judge summarily ordered the removal of the juror. The Louisiana Supreme Court held that it was reversible error for the trial judge to summarily remove a juror under those circumstances and in the manner in which he did. That court stated:
[A]pplying Art. 789 C.Cr.P. we determine that even if the juror in question did briefly doze off, such is not per se proof of inability to perform, or any character of disqualification. Thus, there would be no legal cause for removing him. Had the juror been shown to have been sleeping through a substantial part of the trial or had he been unable to stay awake despite warnings or efforts to arouse him, and had defendant and the state been afforded an opportunity to explore on the record the [juror's] inability to perform on this account, we would be *627 presented with a substantially different question for review.
State v. Cass, 356 So.2d 396, 398 (La.1977).
The Supreme Court in State v. Cass relied upon State v. Buggage, 351 So.2d 95 (La.1977), and State v. Rounsavall, 337 So.2d 190 (La.1976), in which the trial judge excused a juror and allowed an alternate juror to serve in his place.
Defendant argues that since Buggage and Rounsavall were expressly overruled in State v. Marshall, State v. Cass, might not be good authority. State v. Cass cites those two cases and makes a determination consistent with those cases. In Cass, however, the Supreme Court implied that had the record shown proof of inability to perform, it might have found that the trial judge was correct in replacing one juror with an alternate.
In the instant case the trial judge ruled that, although he saw two women jurors with their eyes closed during the reading of the transcript of the victim's cross-examination, he did not believe they were asleep. Furthermore, defense counsel neither requested an opportunity to determine nor made any showing that the jurors were actually asleep or unable to perform.
This assignment lacks merit.

ASSIGNMENT OF ERROR NUMBER 6
By this assignment of error, defendant contends that the trial court erred in allowing the state's witness to fingerprint defendant during the course of the trial in the presence of the jury. Specifically, defendant argues that the taking of the fingerprints during trial, in light of the state's possession of defendant's fingerprint card, was prejudicial.
During the testimony of Carol Richard, the state's expert witness on fingerprint comparisons, the trial court allowed defendant to be fingerprinted over the objection of counsel. The witness was then asked to compare defendant's fingerprints with those lifted from the victim's house. Ms. Richard informed the prosecutor she would need to print all of defendant's fingers in order to compare the prints. At that point, defense counsel agreed to stipulate that the witness was in possession of an arrest card containing defendant's fingerprints. That card was used for fingerprint comparison instead of the prints taken in the jury's presence.
Defendant contends that there was no need to fingerprint defendant as the arrest card could be used for analysis. Apparently however, the prosecutor was unable to establish a chain custody for the card. Thus, he chose to have defendant fingerprinted in the presence of the jury. After a discussion with the trial judge at the bench, defense counsel and the prosecutor entered into the stipulation concerning the arrest card.
After reviewing the record we find no error on the part of the trial judge. The fingerprints taken at the time were not used for comparison. We find no prejudice to defendant in the fingerprinting of defendant.

ASSIGNMENT OF ERROR NUMBER 7
By this assignment, defendant contends the trial court erred in not granting a mistrial. Defense counsel moved for mistrial on the ground that the jurors saw the defendant in his prison garb and handcuffed as he was being led into court. After a hearing and a thorough examination of the jurors, the trial judge denied the motion.
La.Code Cr.P. art. 775 provides in pertinent part:
Upon motion of a defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial....
Because a mistrial is such a drastic remedy, it should be granted under article 775 only when a denial, at the judge's discretion, would make a farce of the proceedings and a fair trial impossible. State v. Tennant, 262 La. 941, 265 So.2d 230 (1972).
*628 In this case, there is no showing that the jurors actually saw defendant dressed in prison garb and handcuffs. During the hearing, defendant testified that after the first day of the trial upon his return to prison some jurors might have seen him dressed in prison garb and handcuffs. Defendant stated that he was getting ready to come out of the stairwell when the deputy accompanying him pushed him back.
Sergeant Beard, the deputy accompanying the defendant, testified he opened the door from the stairway onto the first floor and saw several jurors standing at the security desk nearby. The deputy immediately pushed the defendant, who was following, back into the stairway. Sgt. Beard also testified that the jurors had their sides to the stairway and were facing the officer at the security desk.
The trial judge asked the jurors if any of them saw Sgt. Beard leaving the building the night before. None of the jurors responded that they had seen the officer or defendant. Thus there is no evidence that any juror actually observed defendant in prison garb or handcuffs.
Under these circumstances, we do not find that defendant's right to a fair trial was prejudiced by the trial judge's denial of the motion for mistrial. Cf. State v. Wilkerson, 403 So.2d 652 (La.1981). This assignment lacks merit.

ASSIGNMENT OF ERROR NUMBER 8
By this assignment, defendant contends that the trial court erred in allowing the prosecutor to display evidence during his closing argument.
The Louisiana Supreme Court has held that re-examination of evidence by the jury during closing argument does not constitute error. State v. Perry, 420 So.2d 139 (La.1982), cert. denied, 461 U.S. 961, 103 S.Ct. 2438, 77 L.Ed.2d 1322 (1983); State v. Atkins, 441 U.S. 927, 99 S.Ct. 2041, 60 L.Ed.2d 402 (1979). Thus, we find no error in permitting the prosecutor to show pictures of the victim's injuries during his closing argument.

ASSIGNMENT OF ERROR NUMBER 9
Defendant contends that the trial court erred in allowing physical evidence to be examined by the jury during their deliberations.
La.Code Cr.P. art. 793 provides:
A juror must rely upon his memory in reaching a verdict. He shall not be permitted to refer to notes or to have access to any written evidence. Testimony shall not be repeated to the jury. Upon the request of a juror and in the discretion of the court, the jury may take with it or have sent to it any object or document received in evidence when a physical examination thereof is required to enable the jury to arrive at a verdict.
The jury has the right to examine physical evidence properly admitted. State v. Carney, 260 La. 995, 257 So.2d 687 (La.1972). Thus, the trial judge did not abuse his discretion in allowing the jury to re-examine physical evidence when it requested to do so after it had retired for deliberations. This assignment lacks merit.
For the foregoing reasons, the defendant's conviction is affirmed.
AFFIRMED.