464 So.2d 1363 (1985)
STATE of Louisiana
v.
Walter E. JOHNSON, Jr.
No. 85-K-0161.
Supreme Court of Louisiana.
March 15, 1985.
GRANTED.
This case, 463 So.2d 620, is remanded to the Court of Appeal for reconsideration of the Brady issue under the proper standard of review. In a case where the defense had made a request for specific exculpatory evidence, the standard of materiality is whether the undisclosed evidence might have affected the jury's verdict. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); see, State v. Perkins, 423 So.2d 1103 (La.1982); State v. Willie, 410 So.2d 1019 (La.1982). In a case where the defense had made only a general request for "all Brady material," or no request at all, the test is whether the undisclosed evidence creates a reasonable doubt that otherwise does not exist. United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). In either case, however, the question of materiality does not turn on the standard governing new trial motions based on newly discovered evidence: that the undisclosed evidence is so material that "it would probably have changed the verdict or judgment of guilty...." La.C.Cr.P. art. 851(3). In United States v. Agurs, supra, the Supreme Court cautioned that "[i]f the standard applied to the usual motion for a new trial based on newly discovered evidence were the same when the evidence was in the state's possession as when it was found in a neutral source, there would be no special significance to the prosecutor's obligation to serve the cause of justice." Id., 427 U.S. at 111, 96 S.Ct. at 2401.