EDWARDS, Judge.
On remand from the Supreme Court, we consider again the Brady issue raised by defendant. The question is whether the trial court should have granted a new trial, in view of additional material evidence discovered by defense counsel.
Johnson was convicted of aggravated rape and sentenced to life imprisonment without benefit of probation, parole, or suspension of sentence. This court affirmed the conviction. State v. Johnson, 463 So.2d 620 (La.App. 1st Cir.1984). The Louisiana Supreme Court granted certiorari on the Brady question. State v. Johnson, 464 So.2d 1363 (La.1985).
Prior to his trial, defendant filed a routine Brady motion for exculpatory evidence, including a request for relevant tangible objects which might favor defendant on the question of guilt. He also sought objects which were obtained from or which belonged to him. The State failed to present the evidence requested.
After trial, counsel learned that defendant’s underclothing, seized when he was arrested, had been tested for semen. The tests had proven negative. In spite of the Brady motion, however, prosecutors had withheld from defense counsel all information concerning these tests.
In remanding the case for our review, the Supreme Court set out the standard to be applied. State v. Johnson, 464 So.2d 1363 (La.1985). Citing United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), the court said, “In a case where the defense had made only a general request for ‘all Brady material,’ or no request at all, the test is whether the undisclosed evidence creates a reasonable doubt that otherwise does not exist.”
After thoroughly reviewing the trial record, we hold that no such doubt was created. There is no proof that the tested undergarments are the same ones Johnson wore at the crime scene. Without such proof, the presence or absence of semen in Johnson’s clothing bears no logical connection with the rape.
Noncompliance by the State with established legal procedures in a case carrying such a severe sentence is highly reprehensible. Nonetheless, substandard procedures practiced by a district attorney’s office are not, in and of themselves, sufficient ground for a new trial.
AFFIRMED.