GULOTTA, Judge.
Defendant appeals his conviction and twelve year sentence (with credit for time served) for manslaughter, a violation of LSA-R.S. 14:31. We affirm.
Before turning to defendant’s assignments of error, we have reviewed the documents in the record and the 150 page transcript of the jury trial. We find no errors patent on the face of the record. Moreover, having viewed the evidence in the light most favorable to the State, we conclude that there was sufficient evidence for the jury to have found the defendant guilty beyond a doubt of every element of the offense. State v. Raymo, 419 So.2d 858 (La.1982). In this circumstantial evidence case, the record sufficiently excludes every reasonable hypothesis of defendant’s innocence. LSA-R.S. 15:438; Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Wright, 445 So.2d 1198 (La.1984).
Although defendant has filed six assignments of error, he characterizes four *3 of them in his brief to be “without merit” or “not arguable”. We therefore consider those assignments as waived. Because the remaining two assignments substantially deal with the same issue, we consider them together as one.
In essence, defendant complains the trial court erred in dismissing a juror for cause during the trial and substituting an alternate juror instead of declaring a mistrial.
Before trial, twelve jurors and an alternate were selected and sworn. After the testimony of two state witnesses, the jury was removed from the courtroom and the State requested the trial court to dismiss a juror who had been excused for cause twice earlier that month for her statement that she “could not be fair to the State because of personal problems”. Defendant objected. The trial court denied the State’s motion at that time because the bill of information had already been read and two State witnesses had been called. In the interest of justice, however, the judge conducted an in camera interview of the juror with a court reporter present. After the juror, in response to the trial court’s inquiry, indicated she could not give the State a “fair trial” because she had a brother in Angola, the trial court dismissed the juror and ordered the alternate to replace her.
A juror may be challenged for cause if that juror is not impartial [LSA-C.Cr.P. 797(2) ]; however, that juror cannot be so challenged after having been accepted by the challenging party, unless the ground for the challenge was not known prior to acceptance (LSA-C.Cr.P. Art. 795). This article further provides that a challenge for cause must be made before the indictment is read to the jury. Comment B under LSA-C.Cr.P. Art. 795, however, notes that Art. 795 does not cover the problem of discovery of a disqualification of a juror after the first witness is sworn at the trial on the merits (as in the instant case).
In State v. Fuller, 454 So.2d 119 (La.1984), after all the evidence had been presented, a juror disregarded the judge’s sequestration order. After conducting an evidentiary hearing, the trial judge chose to replace the transgressing juror with an alternative juror. In Fuller, supra, the Louisiana Supreme Court held that the replacement of the juror with an alternate was a proper exercise of the discretion of the trial judge. According to the Fuller court:
“The trial court has discretion to utilize the service of an alternate juror, rather than to grant, a mistrial, upon a proper finding that this is the best course of action. Thus, when it was shown that a juror was unable to continue to serve because of the physical disability that was involved in State v. Spencer, 446 So.2d 1197 (La.1984), or was “disqualified” from further service because of the blatant display of prejudices and partiality that was involved in State v. Marshall, 410 So.2d 1116 (La.1982), the replacement of the juror with the alternate has been approved by this court.”
See also LSA-C.Cr.P. Art. 789, which provides the trial judge with authority to use an alternate juror to replace a principal juror who has been disqualified “prior to the time the jury retires to consider its verdict”. State v. Marshall, 410 So.2d 1116 (La.1982).
Under the circumstances of the instant case, where the State was not aware of the grounds for challenging the juror before acceptance, we cannot say the trial judge erred in dismissing the challenged juror and replacing her with an alternate after the in camera interview disclosed the jur- or’s bias.
Accordingly, the conviction and sentence are affirmed.
AFFIRMED.