STEPHEN J. WINDHORST, Judge.
^Defendant, Darren Sterling, was charged with four counts of attempted first degree murder (Counts 1 through 4)[1] and one count of possession of a weapon by a convicted felon (Count 5). Thereafter, the trial judge severed Count 5.[2]
Defendant was tried before a twelve-person jury that found defendant guilty of aggravated battery on Count 1 and not guilty on Counts 2, 3, and 4. Pursuant to a multiple bill hearing, the trial court found defendant to be a “fifth felony offender” and defendant was sentenced to imprisonment in the Department of Corrections for 50 years without benefit of probation, parole, or suspension of sentence.[3] After the denial of defendant’s motion to reconsider sentence, this appeal followed. For the reasons stated below, we affirm defendant’s conviction and sentence.
Facts and Procedural History
On December 31, 2010, Andrea Franklin was locking the door of her hair salon while talking to Tranda Crier, a customer, when defendant, Ms. Franklin’s long-time live-in boyfriend, pulled up in a car and approached her. Defendant 13made a comment to Ms. Franklin about her throwing his personal belongings out of the house and then he hit her in the head, causing her sunglasses and one of her earrings to fall off. Defendant then stepped back, pulled a gun from his pants, and shot Ms. Franklin twice in the abdomen. Afterward, Ms. Franklin ran to Ms. Crier’s car, and defendant ran behind her. Ms. Franklin jumped into the front passenger seat of the car, sat on one of Ms. Crier’s daughters, and closed the door. Defendant shot into the car, and the bullet shattered the glass and grazed Ms. Franklin’s arm and breast.
Assignments of Error & Discussion
In his first assignment of error, defendant contends that the trial judge erred by denying his motion for a new trial. He claims that the evidence was insufficient to support the verdict of aggravated battery and the State did not rebut his claim of self-defense.
Defendant filed a motion for judgment of acquittal arguing that the evidence did not reasonably permit a finding of guilty. Defendant additionally filed a motion for a new trial pursuant to La.C.Cr.P. art. 851(1) and (5), arguing that the verdict was contrary to the law and the evidence, and that the ends of justice would be served by the granting of a new trial. A hearing was *299 held on defendant’s motions wherein defense counsel informed the court that both motions were based on the same argument. The motions were denied without reasons.
A post-verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the State, does not reasonably permit a finding of guilty. La. C.Cr.P. art. 821B. The question of sufficiency of the evidence is properly raised by a motion for post-verdict judgment of acquittal. See La.C.Cr.P. art. 821; State v. Hampton, 98-331 (La.4/23/99), 750 So.2d 867, 880, cert. denied, 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed.2d 390 (1999); State v. Bazley, 09-358 (La.App. 5 Cir. 1/11/11), 60 So.3d 7, 17, writ denied, 11-282 (La.6/17/11), 63 So.3d 1039. Thus, the denial of defendant’s motion for post-verdict judgment of acquittal based on the sufficiency of the evidence is properly before this Court on review.
A motion for a new trial is based on the supposition that injustice has been done to the defendant, and, unless such is shown to have been the case, the motion shall be denied, no matter upon what allegations it is grounded. La.C.Cr.P. art. 851. The trial court’s ruling on a motion for a new trial will not be disturbed on appeal absent a clear showing of an abuse of discretion. State v. Delagardelle, 06-898 (La.App. 5 Cir. 4/11/07), 957 So.2d 825, 829, writ denied, 07-1067 (La.11/21/07), 967 So.2d 1154. On motion of the defendant, the court shall grant a new trial whenever the verdict is contrary to the law and the evidence. La.C.Cr.P. art. 851(1). When a motion for a new trial is based on the verdict being contrary to the law and the evidence, there is nothing for review on appeal. State v. Condley, 04-1349 (La.App. 5 Cir. 5/31/05), 904 So.2d 881, 888, writ denied, 05-1760 (La.2/10/06), 924 So.2d 163. However, both the Louisiana Supreme Court and this Court have addressed the constitutional issue of the sufficiency of the evidence under this circumstance. Id. Therefore, the denial of defendant’s motion for a new trial based on the sufficiency of the evidence will be addressed by this Court on review.
In reviewing the sufficiency of the evidence, an appellate court must determine that the evidence, whether direct or circumstantial, or a mixture of both, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime have been proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Neal, 00-674 (La.6/29/01), 796 So.2d 649, 657, cert. denied, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002); State v. Mickel, 09-953 (La.App. 5 Cir. 5/11/10), 41 So.3d 532, 534, writ denied, 10-1357 (La.1/7/11), 52 So.3d 885.
In cases involving circumstantial evidence, the trial court must instruct the jury that, “assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.” La. R.S. 15:438. The reviewing court is not required to determine whether another possible hypothesis of innocence suggested by the defendant offers an exculpatory explanation of events. The reviewing court must determine whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt. State v. Mitchell, 99-3342 (La.10/17/00), 772 So.2d 78, 83; State v. Washington, 03-1135 (La.App. 5 Cir. 1/27/04), 866 So.2d 973, 977.
*300 Defendant was charged with attempted first degree murder, but was convicted of the responsive verdict of aggravated battery (Count 1). To support a conviction of aggravated battery, the State must prove: (1) the defendant intentionally used force or violence against the victim; (2) the force or violence was inflicted with a dangerous weapon; and (3) the dangerous weapon was used in a manner likely to cause death or great bodily harm. La. R.S. 14:34; State v. Rainey, 98-436 (La.App. 5 Cir. 11/25/98), 722 So.2d 1097, 1102, writ denied, 98-3219 (La.5/7/99), 741 So.2d 28. A dangerous weapon is any instrumentality which, in the manner used, is calculated or likely to produce death or great bodily harm. La. R.S. 14:2A(3).
Defendant contends that his actions were justified because they were committed in self-defense. The fact that an offender’s conduct is justifiable, although otherwise criminal, shall constitute a defense to prosecution for any crime | abased on that conduct. La. R.S. 14:18. The use of force or violence upon the person of another is justifiable when committed for the purpose of preventing a forcible offense against the person, provided that the force or violence used must be reasonable and apparently necessary to prevent such offense. La. R.S. 14:19A. The aggressor or the person who brings on a difficulty cannot claim the right of self-defense unless he withdraws from the conflict in good faith and in such a manner that his adversary knows or should know that he desires to withdraw and discontinue the conflict. La. R.S. 14:21.
When self-defense is claimed by the defendant in a homicide case, the State has the burden to prove beyond a reasonable doubt that the defendant did not act in self-defense. State v. Rainey, 722 So.2d at 1103. However, in non-homicide cases, this Court has found that the defendant has the burden of proof by a preponderance of the evidence that his actions were in self-defense. See State v. Nailor, 10-1062 (La.App. 5 Cir. 11/15/11), 78 So.3d 816, 821, writ denied, 11-2780 (La.4/27/12), 86 So.3d 626.
Ms. Franklin testified that defendant went to her shop, jumped out of Keith Robertson’s vehicle, approached her, and hit her. Afterward, defendant pulled a gun from his pants and shot Ms. Franklin twice in her abdomen. Ms. Franklin ran away from defendant, got into Ms. Crier’s vehicle, and shut the door. Defendant subsequently ran after Ms. Franklin and fired the gun into the vehicle, shattering the glass, and grazing Ms. Franklin’s arm and breast. Defendant then fled the scene. Ms. Franklin’s version of the events was corroborated at trial by Ms. Crier and Mr. Robertson. Additionally, Officer Michael Boyington, of the St. John the Baptist Parish Sheriff’s Office, testified that defendant admitted he shot Ms. Franklin because he had cancer and she was “hurting him.”
1 ./Defendant testified that Mr. Robertson picked him up and drove him to Ms. Franklin’s shop after he was informed that Ms. Franklin had thrown his belongings out in the yard. He testified that he pushed Ms. Franklin, that Ms. Franklin then reached into her purse and pulled out a gun, that he took the gun and pushed her, and that the gun “went off.” Defendant further testified that when Ms. Franklin ran and jumped in Ms. Crier’s vehicle, the gun jammed and “went off’ again. Defendant testified that he grabbed the gun because he did not want to get shot and that he was defending himself and not trying to kill anyone.
The State’s firearms expert, Patrick Lane, testified that the gun was in good working order, that it would not just go off by itself, that someone would have to pull *301 the trigger in order for it to fire, and that there was nothing about the firearm that would cause it to go off without somebody pulling the trigger.
After hearing the testimony, the jury obviously found the State’s witnesses to be credible and rejected defendant’s version of events. The credibility of witnesses is within the sound discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness; the credibility of the witnesses will not be reweighed on appeal. State v. Rowan, 97-21 (La.App. 5 Cir. 4/29/97), 694 So.2d 1052, 1056.
A rational trier of fact could have found that the evidence was sufficient under the Jackson standard to support defendant’s conviction of aggravated battery. The evidence showed that defendant intentionally used force or violence against Ms. Franklin, that the force or violence was inflicted with a dangerous weapon, and that the dangerous weapon was used in a manner likely to cause death or great bodily harm. Additionally, a rational trier of fact could have found that, under either burden of proof, the evidence was sufficient to establish that defendant did not act in self-defense. Defendant brought the gun with him to Ms. Franklin’s |sshop and fired it repeatedly at Ms. Franklin, even though Ms. Franklin did nothing to provoke him. Defendant cannot claim the right of self-defense since he was the aggressor and he did not withdraw from the conflict. Accordingly, this assignment of error is without merit.
In his second assignment of error, defendant contends that the trial judge erred in not declaring a mistrial when a woman yelled out “murderer” in the presence of the jurors. He contends that this outburst prejudiced the defense and made a fair trial highly unlikely.
The record indicates that during the trial, after a witness left the witness stand, there was a disturbance in the courtroom. The trial judge took a recess, after which she asked, “Who was that?” The state and the bailiff said they thought it was the wife of a witness, Keith Robertson. The trial judge asked what the woman said and defense counsel stated that she screamed “murderer.” The trial judge ordered the woman, Keisha Dawson, to approach and Ms. Dawson apologized for what she said. When the trial judge asked her what she said, Ms. Dawson replied, “murderer.” The trial judge subsequently found Ms. Dawson in contempt of court and ordered that she be taken into custody.
The State thought the court should question the jury to determine what they heard and how it affected them. Defense counsel disagreed and moved for a mistrial, arguing that an admonishment would be insufficient. The trial judge questioned each juror individually. Jurors 1, 8, 4, 5, 6, and 10 and alternate 2 heard the outburst and all of them, including the jurors who did not hear it, said that the outburst did not affect their ability to be fair and impartial in this case.
The trial judge stated that the comment was not made by a judge, a district attorney, or a court official. She found that the jury was not prejudiced by the remark, that it did not affect any of them, and that she thought the jury looked at it |flsimply as an emotional outburst. The trial judge said that she would give an admonition to the jury to disregard what was heard if the defendant or the State requested it and denied the motion over defense counsel’s objection. When the jury was brought back out, the trial judge issued a formal admonition informing them to disregard anything they heard or saw. The trial judge further instructed the jurors that they were not to consider it at all as part *302 of the evidence and told them to not allow it to affect their feelings or deliberations.
A mistrial is a drastic remedy, and except when mandatory, is warranted only when a trial error results in substantial prejudice to defendant depriving him of a reasonable expectation of a fair trial. Whether a mistrial should be granted is within the sound discretion of the trial court and the denial of a motion for mistrial will not be disturbed absent an abuse of that discretion. State v. Smith, 04-340 (La.App. 5 Cir. 10/26/04), 888 So.2d 280, 285. According to La.C.Cr.P. art 775, upon a defendant’s motion, a mistrial shall be ordered, and in a jury trial the jury dismissed, when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial, or when authorized by Article 770 or 771.
La.C.Cr.P. art. 770 provides in pertinent part that upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to: (1) race, religion, color or national origin, if the remark or comment is not material and relevant and might create prejudice against the defendant in the mind of the jury; (2) another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible; (3) the failure of the defendant to testify in his own defense; or (4) the refusal of the judge to direct a verdict.
| i0La.C.Cr.P. art. 771 provides in pertinent part:
In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.
The trial judge did not err by denying the motion for mistrial. First, a mistrial was not mandatory under La.C.Cr.P. art. 770 because the comment was not made by a judge, district attorney, or court official. Second, the trial judge questioned each juror individually to ascertain the impact of the outburst upon them. The jurors who heard the outburst, and even those who did not hear it, said that it did not affect their ability to be fair and impartial in this case. Third, the trial judge also admonished the jury, telling them to disregard whatever they had heard or saw and to not consider it at all as part of the evidence and to not allow it to affect their feelings or deliberations. The trial judge also instructed the jury that they were not to be influenced by sympathy, passion, prejudice, or public opinion. See State v. Alexander, 12-807 (La.App. 5 Cir. 5/16/13), 118 So.3d 1138, 1154; State v. Brown, 96-1002 (La.App. 5 Cir. 4/9/97), 694 So.2d 435, 439 writ denied, 97-1310 (La.10/31/97), 703 So.2d 19; State v. Hopkins, 626 So.2d 820 (La.App. 2 Cir.1993). Lastly, defendant has not demonstrated and the record does not reflect how the outburst prejudiced him to such a degree that a mistrial was warranted. See State v. Wessinger, 98- *303 1234 (La.5/28/99), 736 So.2d 162, 183, cert. denied, 528 U.S. 1050, 120 S.Ct. 589, 145 L.Ed.2d 489 (1999); State v. Chairs, 12-363 (La.App. 5 Cir. 12/27/12), 106 So.3d 1232, 1249, writ denied, 13-306 (La.6/21/13), 118 So.3d 413; Alexander, supra. Thus, this assignment of error is without merit.
In his third assignment of error, defendant argues that his 50-year enhanced sentence is unconstitutionally excessive. He contends that the sentence is too severe considering the weak facts of this case and his health issues. Defendant asserts that the trial judge gave no justification for the sentence, that there was nothing particularly heinous or offensive about this crime, and that the sentence does nothing to rehabilitate him or teach him a trade.
Defendant filed a sentencing memorandum arguing for a deviation from the mandatory minimum sentence pursuant to State v. Dorthey, 623 So.2d 1276 (La.1993). A pre-sentence investigation (PSI) was subsequently completed. Additionally, defendant filed a “Motion to Deviate from the Mandatory Minimum Sentence” in the event he was found to be a multiple offender. Pursuant to a multiple bill hearing, defendant was found to be a fifth felony offender.[4]
During the sentencing hearing, the trial judge indicated she had read the PSI, the letters on behalf of defendant and the victim, and defendant’s motion to deviate. The trial judge noted that aggravated battery was a crime of violence under La. R.S. 14:2. The trial judge further noted as mitigating factors that defendant was 45 years old, had a normal mental capacity, went to a very nice school, St. Augustine High School, and received an associate degree. However, she stated that at some point defendant’s life went “downhill,” that he was a fifth felony offender and that he had numerous arrests for violent crimes, non-violent crimes, drug crimes, crimes of violence, and crimes involving firearms and drugs.
112The trial judge stated that an aggravating circumstance in this case was that a firearm was discharged multiple times in the vicinity of other people and children, as well as the victim. She said that because of the circumstances, particularly the violence involved, and the record of defendant, she was sentencing defendant under the multiple bill statute to imprisonment in the Department of Corrections for 50 years without benefit of probation, parole, or suspension of sentence.
Defendant filed a motion for reconsideration of sentence, arguing that the sentence was excessive given his health issues, his age, his lack of convictions, and the likelihood of rehabilitation, which the trial judge denied.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness. State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1, 4. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. Id. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Lawson, 04-334 (La.App. 5 Cir. 9/28/04), 885 So.2d 618, 622.
A trial judge has broad discretion when imposing a sentence and a re *304 viewing court may not set a sentence aside absent a manifest abuse of discretion. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. State v. Dorsey, 07-67 (La.App. 5 Cir. 5/29/07), 960 So.2d 1127, 1130. The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. State v. Pearson, 07-332 (La.App. 5 Cir. 12/27/07), 975 So.2d 646, 656. In Reviewing a trial court’s sentencing discretion, three factors are considered: 1) the nature of the |]3crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts. Id. at 656.
Defendant was convicted of aggravated battery and subsequently found to be a “fifth felony offender.” La. R.S. 15:529.1A(1)(c)(ii) provides in pertinent part:
(c) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then:
ii) If the fourth felony and two of the prior felonies are felonies defined as a crime of violence under R.S. 14:2(B), ..., or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more, or of any other crime punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
The Louisiana Supreme Court has recognized that a mandatory minimum sentence under the Habitual Offender Law may still be reviewed for constitutional excessiveness. State v. Taylor, 06-839 (La.App. 5 Cir. 3/13/07), 956 So.2d 25, 27, writ denied, 06-859 (La.6/15/07), 958 So.2d 1179. In order to rebut the presumption of constitutionality, the defendant must clearly and convincingly show that he is “exceptional, which ... means that because of unusual circumstances this defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense and the circumstances of the ease.” Id. at 28. Departures from the minimum sentence mandated by La. R.S. 15:529.1 should only occur in rare situations. Id. When evaluating whether the defendant has met his burden, the trial court must be mindful of the goals of the Habitual Offender Law, which are to deter and punish recidivism. Id.
| defendant’s underlying offense, aggravated battery, is punishable by imprisonment for a term less than defendant’s natural life.[5] Aggravated battery is defined as a crime of violence under La. R.S. 14:2B(5). One of defendant’s prior convictions was for aggravated burglary (La. R.S. 14:60), which is a crime of violence under La. R.S. 14:2B(20), and it is punishable by imprisonment for not less than one nor more than 30 years. Another prior conviction was for simple possession of heroin (La. R.S. 40:966C), which is a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for not less than four years nor more than ten years. The trial judge found defendant to be a fifth felony offender based on these two convictions and three *305 other prior convictions. Thus, under the habitual offender statute, defendant was subject to an enhanced mandatory minimum sentence of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. Accordingly, defendant’s 50-year enhanced sentence is illegally lenient. However, neither the State nor defendant raised that issue below or on appeal.
Pursuant to La.C.Cr.P. art. 882, this Court has the authority to correct an illegal sentence despite the failure of either party to raise the issue. This authority is permissive rather than mandatory. State v. Quinones, 03-907 (La.App. 5 Cir. 12/30/03), 864 So.2d 824, 830. Prior to sentencing defendant as a fifth felony offender, the trial court noted defendant’s age, mental status and education. The court additionally expressed concern about the violent nature of this crime and defendant firing a weapon at close range to the victim with children in the vicinity. Under the circumstances of this case, we decline to exercise our discretion under La.C.Cr.P. art. 882 to correct the illegally lenient sentence.
115 After reviewing the record, including defendant’s prior convictions, we find that the 50-year sentence for a fifth felony offense is not unconstitutionally excessive. Additionally, defendant has an extensive criminal history, and his crime was particularly violent in that he shot at the victim multiple times at close range in the vicinity of children. Pursuant to La. R.S. 15:529.1A(l)(c)(ii), the mandatory minimum sentence for defendant was actually life imprisonment without benefit of parole, probation, or suspension of sentence. Thus, we find no merit to this assignment of error.
In his fourth assignment of error, defendant argues that the trial judge erred in failing to replace a sleeping juror with an alternate prior to deliberations at the request of defense counsel.
The record reflects that after the jury was instructed and just before it retired for deliberations, defense counsel requested a side-bar. He said he wanted the record to reflect that when the trial judge stopped during the jury charges and addressed a juror, Mr. Freeman, it was because the juror was “nodding off.” Defense counsel and the State added that the juror was “nodding off’ in their closing arguments as well. The trial judge agreed and said the juror “nodded off’ several other times during trial, including voir dire and when he was sitting out in the hall, but noted that defense counsel and the State still chose him.
When the trial judge again asked defense counsel what he wanted to do about it, he replied that he did not know. The trial judge stated that she did not see the juror sleeping for any extended period of time, and that usually someone nudged the juror when he was sleeping. Defense counsel asserted that he did not know if the juror was falling asleep during the trial because he could not see from where he was sitting. The trial judge said that at one time, while the jury was passing around the exhibits, she thought she saw the juror sleeping. The trial judge | ^subsequently stated that she did not know for sure whether the juror was actually asleep during the taking of evidence and, therefore, she was not going to remove him at that time.
La.C.Cr.P. art. 789A provides in pertinent part: “The court may direct that not more than six jurors in addition to the regular panel be called and impaneled to sit as alternate jurors. Alternate jurors, in the order in which they are called, shall replace jurors who become unable to per *306 form or disqualified from performing their duties.”
The trial judge did not err by not removing the juror in question, Mr. Freeman. Although the juror was observed “nodding off’ during voir dire, the viewing of exhibits, the jury instructions, and closing arguments, he was not observed sleeping during a substantial part of the trial or during the taking of evidence at trial. See State v. Cass, 356 So.2d 396, 397-398 (La.1977); State v. King, 11-767 (La.App. 5 Cir. 2/28/12), 88 So.3d 1147, 1155-1156, writ denied, 12-660 (La.9/14/12), 99 So.3d 35. The trial judge stated that she did not see the juror asleep for any extended period of time and that someone would nudge the juror when he was sleeping. Further, defendant did not request a hearing to determine whether the juror was actually asleep or unable to perform his function. See King, supra; State v. Johnson, 463 So.2d 620 (La.App. 1 Cir.1984). Even if the juror briefly dozed off, this would not be per se proof that he was unable to perform his duties, or that he should be disqualified, and thus, there would be no legal cause for removing him. See Cass, supra. Moreover, defendant did not promptly bring the matter to the court’s attention. The record shows that defendant only made an objection just prior to deliberations even though he saw the juror | i7asleep during voir dire.[6] See King, supra. Therefore, this assignment of error is without merit.
Error Patent Discussion
Defendant requests an error patent review. This Court automatically reviews the record for errors patent according to the mandates of La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990) regardless of whether defendant makes such a request. A review of the record reveals that there are no errors patent that require corrective action.
For the reasons stated above, we affirm defendant’s conviction and sentence.
CONVICTION AND SENTENCE AFFIRMED.

. Count 1: attempted first degree murder of Andrea Franklin (La. R.S. 14:27/30); Count 2: attempted first degree murder of Tranda Crier (La. R.S. 14:27/30); Count 3: attempted first degree murder of juvenile, T.C. (La. R.S. 14:27/30); Count 4: attempted first degree murder of juvenile, K.C. (La. R.S. 14:27/30).

. The State entered a nolle prosequi on Count 5.

. Defendant was not sentenced on the underlying conviction of aggravated batteiy. However, the habitual offender statute does not require that an original sentence be imposed prior to the imposition of an enhanced sentence. See State v. Fleming, 04-1218 (La.App. 5 Cir. 4/26/05), 902 So.2d 451, 455 n. 2, writ denied, 05-1715 (La.2/10/06), 924 So.2d 161.

. Defendant admitted during examination that he was a fifth felony offender.

. La. R.S. 14:34 provides that whoever commits an aggravated battery shall be fined not more than $5,000.00, imprisoned with or without hard labor for not more than ten years, or both.

. The State indicates that defendant was not prejudiced by Mr. Freeman (Juror 12) serving on the jury, since Mr. Freeman was one of two jurors who voted "not guilty." In order to prove this assertion, the State attached to its brief a copy of Juror 12's poll sheet, which is not found in the record. However, the court of appeal has no authority to consider matters attached to briefs that are not found in the appellate record. Distefano v. B & P Const., Inc., 04-25 (La.App. 5 Cir. 5/26/04), 874 So.2d 407, 411, writ denied, 04-1735 (La. 10/15/04), 883 So.2d 1058.